## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE:                                                          CASE NO.: 3:19-bk-01961-JAF
                                                                                    CHAPTER 7

**Renni J Campo,**

   **Debtor,**

_____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY

> ### NOTICE OF OPPORTUNITY TO
> ### OBJECT AND REQUEST FOR HEARING
>
> **Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.**
>
> **If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at Bryan Simpson United States Courthouse, 300 N. Hogan Street, Suite 3-150, Jacksonville, Florida 32202-4267and serve a copy on the movant's attorney, Attorney for Secured Creditor, at Robertson, Anschutz & Schneid, PL, 6409 Congress Ave., Suite 100, Boca Raton, FL 33487, and any other appropriate persons within the time allowed.  If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.**
>
> **If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

Secured Creditor, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the NRZ Pass-Through Trust VIII-B, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Renni J Campo, filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code on May 24, 2019.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. **§** 1334, 11 U.S.C. **§** 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. Secured Creditor hereby waives the requirements of 11 U.S.C. § 362(e). The automatic stay of any act against property of the estate under § 362(a) shall continue until this Court orders or the stay is otherwise terminated by operation of law.

   Secured Creditor filed a foreclosure complaint against the Debtor(s) in the Supreme Court of the State of New York for Nassau County, Case Number: 16-028678-MeK, due to the default under the terms of the Note and Mortgage as it pertains to the property located at 1314 Bellmore Avenue Bellmore, New York 11710.

4. A Final Judgment of Foreclosure ("Judgment") was entered against the Debtor(s) on March 6, 2019 in the amount of $808,941.95. A true and accurate copy of the Judgment attached hereto as Exhibit "A." The Judgment has not been satisfied by the Debtor(s).

5. The appraised value of the property is $345,200.00.  See Exhibit **"B"** which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

6. Based upon the Debtor(s)' schedules, the property is claimed as exempt.  The Trustee has not abandoned the property.

7. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest.  Secured Creditor has no protection against the erosion of its collateral position

and no other form of adequate protection is provided.

8. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

9. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

10. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

11. A Proposed Order accompanies this Motion. See Exhibit "C" attached hereto.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain

possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to

seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any

such further relief as this Honorable Court deems just and appropriate.

Date: June 19, 2019

> ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
> Attorney for Secured Creditor
> 6409 Congress Ave., Suite 100
> Boca Raton, FL 33487
> Telephone: 561-241-6901
> Facsimile: 561-241-1969
> By: /s/ Christopher P. Salamone
> Christopher P. Salamone, Esquire
> Florida Bar Number 75951
> Email: csalamone@rasflaw.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on June 19, 2019, I electronically filed the foregoing with

the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via

CM/ECF or United States Mail to the following parties:

Renni J Campo
7465 NW 44th Lane
Ocala, FL 34482

Gregory L. Atwater
P.O. Box 1865
Orange Park, FL 32067

United States Trustee - JAX 13/7
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-241-1969
By: <u>/s/ Christopher P. Salamone</u>
Christopher P. Salamone, Esquire
Florida Bar Number 75951
Email: csalamone@rasflaw.com

**EXHIBIT "A"**



County Clerk

Ref ID#: IN 16 005698

Instrument Number: 2019- 00041235

As

**J60 - JUDGMENT FORECLOSURE & SALE**

Recorded On:  March 06, 2019

Parties:  U S BANK NATIONAL ASSN

    TO  RENNI CAMPO AKA

Recorded By:  RAS BORISKIN

Num Of Pages: 17

Comment:

---

** Examined and Charged as Follows: **

J60 - JUDGMENT FORECLOSURE     0.00

    Recording Charge:     0.00

---

** THIS PAGE IS PART OF THE INSTRUMENT **

I hereby certify that the within and foregoing was recorded in the Clerk's Office For:  Nassau County, NY

**File Information:**                 **Record and Return To:**

    Document Number:  2019- 00041235

    Receipt Number:  1391385

    Recorded Date/Time:  March 06, 2019 02:44:44P

    Book-Vol/Pg:  Bk-J  Vl-4413  Pg-274

    Cashier / Station:  0 BMP  /  NCCL-CCQ4FP1

*Maureen O'Connell*

**County Clerk Maureen O'Connell**

At Part ___ of the Supreme Court of the State of
New York, held in and for the County of NASSAU
at the Courthouse, 100 SUPREME COURT DRIVE
Mineola, NY 11501, on the _____ day of
MAR 0 5 2019 _____, 2019.

PRESENT: HON. ___THOMAS A. ADAMS___

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

*Motion # 3*

-------------------------------------------------------------X

WILMINGTON    TRUST,    NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS SUCCESSOR
TRUSTEE TO CITIBANK, N.A. AS TRUSTEE
TO LEHMAN XS TRUST MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES 2006- 1,

                              Plaintiff,

        vs.

RENNI CAMPO A/K/A RENNI SCHNEIDER;
JPMORGAN CHASE BANK, NA, SUCCESSOR
IN INTEREST TO WASHINGTON MUTUAL
BANK, FA; UNITED STATES OF AMERICA --
INTERNAL REVENUE SERVICE,

                              Defendants.

-------------------------------------------------------------X

INDEX NO.: 005698/2016

**ORDER CONFIRMING REFEREE
REPORT AND JUDGMENT OF
FORECLOSURE AND SALE**

MORTGAGED PROPERTY:
1314 BELLMORE AVENUE
BELLMORE, NY 11710

COUNTY: NASSAU

SBL#: Section 56, Block 116, Lot 554

    UPON reading the Summons, Complaint and Notice of Pendency filed in this action on

August 9, 2016, the Notice of Motion dated _Dec. 26, 2018_, the affirmation of

Matthew Rothstein, Esq. and the exhibits annexed thereto, and upon the affidavit of merit and

amount due by April Martin who is Document Execution Specialist of Nationstar Mortgage

LLC, duly sworn to on December 14, 2016; together with the exhibits attached thereto, all in

support of Plaintiff's motion for a Judgment of Foreclosure and Sale; and

16-028678 - MeK

UPON proof that each of the Defendants herein have been duly served with the Summons and Complaint in this action, and has voluntarily appeared either personally or by their respective attorneys or have not served any answer to the Complaint or otherwise appeared, nor had their time to so do extended; and Plaintiff having established to the court's satisfaction that judgment against the defendants is warranted;

UPON the affidavit of mailing reflecting compliance with CPLR 3215(g)(3)(iii); and

UPON proof that non-appearing defendants are not absent, in accordance with RPAPL §1321(2);

A Referee having been appointed to compute the amount due to the Plaintiff upon the bond/note and mortgage set forth in the Complaint, and to examine whether the mortgaged property can be sold in parcels; and

UPON reading and filing the Report of Leonard B. Symons dated May 23, 2018, showing the sum of $808,941.95 due as of April 27, 2018 and that the mortgaged property cannot be sold in parcels; and

UPON proof of due notice of this application upon all parties entitled to receive same, and upon all of the prior proceedings and papers filed herein;

NOW, on motion by Matthew Rothstein, Esq., attorney for the Plaintiff, it is hereby

ORDERED, ADJUDGED AND DECREED that the motion is granted; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee's Report be, and the same is, hereby in all respects ratified and confirmed; and it is further

16-028678 - MeK

ORDERED, ADJUDGED AND DECREED that the mortgaged property described in the Complaint in this action and as hereafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this action as provided by the RPAPL be sold, within 90 days from the date of this Judgment, in one parcel, at public auction at the ___CCP (Calendar Control Part Courtroom)___ IN THE NASSAU SUPREME COURT, 100 _____ by and SUPREME COURT DIRVE, MINEOLA N.Y. ON A TUESDAY AT 11:30 AM under the direction of Leonard B. Symons, who is hereby appointed Referee for that purpose; that said Referee give public notice of the time and place of sale in accordance with RPAPL §231 in ___BELLMORE LIFE___ 1840 MERRICK AVE. MERRICK _____ ; and it is further

ORDERED, ADJUDGED AND DECREED that by accepting this appointment the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2(c) ("Disqualifications from appointment"), and §36.2(d) ("Limitations on appointments based upon compensation"); and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representative is present at

16-028678 - MeK

the sale or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representative; and it is further

ORDERED, ADJUDGED AND DECREED that if the Referee does not conduct the sale within 90 days of the date of the judgment, in accordance with CPLR 2004, the time fixed by RPAPL §1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; *upon further application* and it is further

ORDERED, ADJUDGED AND DECREED that at the time of sale the Referee shall accept a written bid from the Plaintiff or the Plaintiff's attorney, just as though Plaintiff were physically present to submit said bid; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee, in cash or certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is the Plaintiff in which case no deposit against the purchase price shall be required; and it is further

ORDERED, ADJUDGED AND DECREED that in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay the ten percent (10%) deposit as required, the property shall immediately and on the same day be reoffered at auction; and it is further

16-028678 - MeK

ORDERED, ADJUDGED AND DECREED that the Referee shall then deposit the down payment and proceeds of sale, as necessary, in _ GARDEN CITY, NY 11530 _____

in his/her own name as Referee, in accordance with CPLR 2609; and it is further

Or in an IOLA account per CPLR 2609

ORDERED, ADJUDGED AND DECREED that after the property is sold the Referee shall execute a deed to the purchaser, in accordance with RPAPL §1353 and the terms of sale, which shall be deemed a binding contract; and it is further

ORDERED, ADJUDGED AND DECREED that in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be had thirty (30) days after the date of such sale unless otherwise stipulated by all parties to the sale; and it is further

ORDERED, ADJUDGED, AND DECREED that if the Plaintiff (or its affiliate, as defined in paragraph (a) of subdivision 1 of section six-l of the Banking Law) is the purchaser, such party shall place the property back on the market for sale or other occupancy: (a) within one hundred eighty (180) days of the execution of the deed of sale, or (b) within ninety (90) days of completion of construction, renovation, or rehabilitation of the property, provided that such construction, renovation, or rehabilitation proceeded diligently to completion, whichever comes first, provided however, a court of competent jurisdiction may grant an extension for good cause; and it is further

ORDERED, ADJUDGED, AND DECREED that the Referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property

16-028678 - MeK

at the time of sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

ORDERED, ADJUDGED, AND DECREED, that the Referee then deposit the balance of said proceeds of sale in her/his own name as Referee in _____, and shall thereafter make the following payments in accordance with RPAPL §1354, as follows:

FIRST: The Referee's statutory fees for conducting the sale, in accordance with CPLR 8003(b), not to exceed $ 250 · unless the property sells for $50,000.00 or more -OR- in the event a sale was cancelled or postponed, Plaintiff shall compensate the Referee in the sum of $_____ for each adjournment or cancellation, unless the Referee caused the delay;

SECOND: All taxes, assessments and water rates that are liens upon the property and monies necessary to redeem the property from any sales for unpaid taxes, assessments, or water rates that have not apparently become absolute, and any other amounts due in accordance with RPAPL §1354(2). Purchaser shall be responsible for interest and penalties due on any real property taxes accruing after the sale. The Referee shall not be held responsible for the payment of penalties or fees pursuant to this appointment. The Purchaser shall hold the Referee harmless from any such penalties or fees assessed;

THIRD: The expenses of the sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale;

16-028678 - MeK

FOURTH: The Referee shall then pay to the Plaintiff or its attorney the following:

Amount Due per Referee's Report: $808,941.95 with interest at the note rate from April 27, 2018, together with any advances together with any advances as provided for in the note and mortgage which Plaintiff has made for taxes, insurance, principal, and interest, and any other charges due to prior mortgages or to maintain the property pending consummation of this foreclosure sale, not previously included in the computation, upon presentation of receipts for said expenditures to the Referee, all together with interest thereon pursuant to the note and mortgage, and then with interest from the date of entry of this judgment at the statutory rate until the date the deed is transferred;

Costs and Disbursements: $ _2030 ω_ adjudged to the Plaintiff for costs and disbursements in this action, with interest at the statutory judgment rate from the date of entry of this judgment;

Additional Allowance: $ _300 –_ is hereby awarded to the Plaintiff in addition to costs, with interest at the statutory judgment rate from the date of entry of this judgment, pursuant to CPLR Article 83;

Attorney Fees: $ _2,500 –_ is hereby awarded to the Plaintiff as reasonable legal fees herein, with interest at the statutory rate from the date of entry of this judgment;

16-028678 - MeK

FIFTH: Surplus monies arising from the sale shall be *deposited* by *with the Nassau County Treasurer* the ~~referee~~ conducting the sale within five days after receipt in accordance with

RPAPL §1354(4) and in accordance with local County rules regarding Surplus

Monies; and it is further

ORDERED, ADJUDGED AND DECREED that if the Plaintiff is the purchaser of the

property, or in the event that the rights of the purchasers at such sale and the terms of sale under

this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment

thereof is filed with said Referee, said Referee shall not require the Plaintiff to pay in cash the

entire amount bid at said sale, but shall execute and deliver to the Plaintiff or its assignee, a deed

or deeds of the property sold upon the payment to said Referee of the amounts specified in items

marked "First" , "Second", and "Third" above; that the Referee shall allow the Plaintiff to pay

the amounts specified in "Second" and "Third" above when it is recording the deed; that the

balance of the bid, after deducting the amounts paid by the Plaintiff, shall be applied to the

amount due Plaintiff as specified in paragraph "Fourth" above; that if there is a surplus after

applying the balance of the bid, the Plaintiff shall pay that amount to the Referee, who shall

deposit it in accordance with paragraph "Fifth" above; and it is further

ORDERED, ADJUDGED AND DECREED that all expenses of recording the Referee's

deed, including real property transfer tax, which is not a lien upon the property at the time of

sale, shall be paid by the purchaser, not by the Referee from sale proceeds; and that any transfer

tax shall be paid in accordance with Tax Law §1404; and it is further

16-028678 - MeK

ORDERED, ADJUDGED, AND DECREED that the mortgaged property is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the property would disclose; any state of facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights of tenants or persons in possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL §1354; any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale; and any rights pursuant to CPLR §317, §2003 and §5015 or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

ORDERED, ADJUDGED AND DECREED that the purchaser be let into possession of the property on production of the Referee's Deed or upon personal service of the Referee's deed in accordance with CPLR §308; and it is further

ORDERED, ADJUDGED AND DECREED that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the property after the filing of the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, and interest in the property after the sale of the mortgaged property; and it is further

ORDERED, ADJUDGED AND DECREED that within thirty days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the court, the officer making the sale shall file with the clerk a report under oath of the disposition of

16-028678 - MeK

the proceeds of the sale in accordance with RPAPL §1355(1) and follow all local County rules regarding handling of Surplus Monies; and it is further

ORDERED ADJUDGED AND DECREED that if the purchaser or purchasers at said sale default(s) upon the bid and/or the terms of sale the Referee may place the property for resale without prior application to the Court unless the Plaintiff's attorneys shall elect to make such application; and it is further

ORDERED ADJUDGED AND DECREED, that U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE NRZ PASS-THROUGH TRUST VIII-B be substituted into the caption in the place and stead of Plaintiff, and, following such substitution, that the Clerk of the Court amend the docket and electronic docket accordingly; and it is further

ORDERED ADJUDGED AND DECREED, that the caption shall read as follows:

-------------------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE
FOR THE NRZ PASS-THROUGH TRUST VIII-B,

                       Plaintiff,

    vs.

RENNI CAMPO A/K/A RENNI SCHNEIDER;
JPMORGAN CHASE BANK, NA, SUCCESSOR IN
INTEREST TO WASHINGTON MUTUAL BANK, FA;
UNITED STATES OF AMERICA – INTERNAL
REVENUE SERVICE,
                  Defendants.
-------------------------------------------------------------------X

*Index # 5698/16*

16-028678 - MeK

and it is further

ORDERED, ADJUDGED and DECREED that the mortgage which appears to be prior and adverse to the mortgage being foreclosed, namely the senior mortgage of Defendant JPMORGAN CHASE BANK, NA, SUCCESSOR IN INTEREST TO WASHINGTON MUTUAL BANK, FA is hereby declared invalid and extinguished pursuant to RPAPL Article 15; and it is further

ORDERED, ADJUDGED and DECREED that Defendant JPMORGAN CHASE BANK, NA, SUCCESSOR IN INTEREST TO WASHINGTON MUTUAL BANK, FA and all persons or entities claiming by, through or under them, be and are hereby forever barred and foreclosed of and from all right, claim, lien, interest or equity of redemption in and to said mortgaged premises; and it is further

ORDERED, ADJUDGED AND DECREED, that the record be reformed to reflect that the prior mortgage of Defendant JPMORGAN CHASE BANK, NA, SUCCESSOR IN INTEREST TO WASHINGTON MUTUAL BANK, FA is invalid and extinguished; and it is further

ORDERED, ADJUDGED AND DECREED that Plaintiff shall serve a copy of this Judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties or persons entitled to service, including the Referee appointed herein; and it is further

ORDERED, ADJUDGED AND DECREED that nothing herein shall be deemed to relieve Plaintiff of any obligation imposed by RPAPL §1307 and RPAPL §1308 to secure and

16-028678 - MeK

maintain the property until such time as ownership of the property has been transferred and the

deed duly recorded; and it is further

ORDERED, ADJUDGED AND DECREED that when the Referee files a report of sale,

he or she shall concurrently file a Foreclosure Actions Surplus Monies Form; and it is further

ORDERED, ADJUDGED AND DECREED that to ensure compliance herewith, Plaintiff

shall file a written report with the court within six months from the date of entry of this judgment

stating whether the sale has occurred and the outcome thereof.

Said property is commonly known as 1314 BELLMORE AVENUE, BELLMORE, NY

11710. The legal description of the mortgaged property referred to herein is annexed hereto as

Schedule "A".  and it is Further

ORDERED, that pursuant to CPLR 8003 (b), absent
application to the court, further court order, and
compliance with Part 36 of the Rules of the Chief Judge,
the Referee shall not demand, accept or receive more than
the amount of $ _____ otherwise payable to the Referee for
the foreclosure sale stage, regardless of adjournment,
delay or stay of the sale; and it is further

ORDERED, THAT THE REFEREE
MUST SUBMIT THE NOTICE OF SALE TO THE
MOTION SUPPORT OFFICE, IN THE SUPREME
COURT AT LEAST 10 DAYS PRIOR TO THE
DATE OF AUCTION  Room 186

ENTER:

J.S.C.
HON. THOMAS A. ADAMS

ENTERED

MAR 06 2019

NASSAU COUNTY
COUNTY CLERK'S OFFICE

16-028678 - MeK



## SCHEDULE A – LEGAL DESCRIPTION

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING AT
NORTH BELLMORE, TOWN OF HEMPSTEAD, COUNTY OF NASSAU, STATE OF NEW YORK,
KNOWN AS AND BY LOT NUMBERS 522 AND 523 ON A CERTAIN MAP ENTITLED, "MAP OF
FREDERICK FARMS, COMPRISING 606 LOTS AND PLOTS AT BELLMORE, LONG ISLAND,
TOWN OF HEMPSTEAD, NASSAU COUNTY, NEW YORK, OWNED BY LONG ISLAND
REALTY CO., NEW YORK, SURVEYED MARCH 1911 BY SMITH & MALCOMSON, CIVIL
ENGINEERS, FREEPORT, LONG ISLAND," AND FILED IN THE OFFICE OF THE COUNTY
CLERK OF NASSAU COUNTY ON MAY 3, 1911 AS MAP NO. 7, CASE NO. 58, AND MORE
PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHERLY SIDE OF BELLMORE AVENUE (NEW LINE)
DISTANT 43.75 FEET FROM THE EXTREME EASTERLY END OF A CURVE CONNECTING
THE SOUTHERLY SIDE OF BELLMORE AVENUE (NEW LINE) WITH THE EASTERLY SIDE OF
LOGUE STREET;

RUNNING THENCE IN AN EASTERLY DIRECTION ALONG THE SOUTHERLY SIDE OF
BELLMORE AVENUE (NEW LINE) 50.18 FEET;

RUNNING THENCE SOUTHERLY ON A LINE FORMING AN INTERIOR ANGLE OF 85
DEGREES 9 FEET 30 INCHES WITH THE SOUTHERLY SIDE OF BELLMORE AVENUE (NEW
LINE) 128.44 FEET;

RUNNING THENCE WESTERLY AT RIGHT ANGLES TO THE LAST MENTIONED COURSE 50
FEET;

RUNNING THENCE NORTHERLY AT RIGHT ANGLES TO THE LAST MENTIONED COURSE
124.20 FEET TO THE SOUTHERLY SIDE OF BELLMORE AVENUE (NEW LINE) THE POINT OR
PLACE OF BEGINNING.

EXCEPTING SO MUCH OF THE ABOVE DESCRIBED PREMISES AS HAS BEEN TAKEN FOR
THE WIDENING OF BELLMORE AVENUE.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---------------------------------------------------------------X

WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS SUCCESSOR TRUSTEE TO CITIBANK, N.A. AS TRUSTEE TO LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006- 1,

                    Plaintiff,

    vs.

RENNI CAMPO A/K/A RENNI SCHNEIDER; JPMORGAN CHASE BANK, NA, SUCCESSOR IN INTEREST TO WASHINGTON MUTUAL BANK, FA; UNITED STATES OF AMERICA – INTERNAL REVENUE SERVICE,

                    Defendants.

---------------------------------------------------------------X

INDEX NO.: 005698/2016

**COSTS TO PLAINTIFF**

MORTGAGED PROPERTY:
1314 BELLMORE AVENUE
BELLMORE, NY 11710

COUNTY: NASSAU

SBL#: Section 56, Block 116, Lot 554

ADJUSTED AT $ 2,030.00
THIS 16th DAY OF March 2019
Maureen O'Connell Clerk, N.

## COSTS

| | |
|---|---|
| Costs before Note of Issue - CPLR 8201(1) . . . . . . . . . . . | $200.00 |
| Allowance by statute - CPLR 8302(a)(b) . . . . . . . . . . . . | $150.00 |

    First $200.00 at 10% . . . . . . . . . . . . . . $20.00
    Next $800.00 at 5% . . . . . . . . . . . . . . . $40.00
    Next $2000.00 at 2% . . . . . . . . . . . . . . $40.00
    Next $5000.00 at 1% . . . . . . . . . . . . . . $50.00

| | |
|---|---|
| Additional allowance - CPLR 8302(d) . . . . . . . . . . . . . . | $50.00 |

## FEES AND DISBURSEMENTS

| | | |
|---|---|---|
| Fee for index number - . . . . . . . . . . . . . . . . . . . . . . . | CPLR 8018(a) | $400.00 |
| Referee's fee to compute, per order of the court - . . . | CPLR 8003(a) | $500.00 |
| Paid for searches - . . . . . . . . . . . . . . . . . . . . . . . . . | CPLR 8301(a)(10) | $75.00 |

16-028678 - MeK

| | | |
|---|---|---|
| Serving copy of Summons and Complaint - . . . . . . . . CPLR 8301(d) | $790.00 125 00 |
| Request for judicial intervention . . . . . . . . . . . . . . . . CPLR 8020(a) | $95.00 |
| Clerk's fee for filing of Notice of Pendency - . . . . . . CPLR 8021(a)(10) | $345.00 |
| Motion fees - . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . CPLR 8020(a) | $90.00 |

Total . . . . . . . . . . . . . . . . .    ~~$2,206.00~~

2030 00

## ATTORNEY'S AFFIRMATION

The undersigned, Matthew Rothstein, Esq., pursuant to CPLR 2106 and under penalties of perjury affirms as follows:

That he is the attorney of record for the Plaintiff in the above captioned action; that the foregoing disbursements have been incurred in this action and are reasonable in amount and that the copies of documents or papers as charged herein were actually and necessarily obtained for use.

Dated: __Dec. 26, 2018__
Westbury, NY

RAS BORISKIN, LLC

By: Matthew Rothstein, Esq.
*Attorneys for Plaintiff*
900 Merchants Concourse, Suite 310
Westbury, NY 11590

16-028678 - MeK

Index No: 003970/2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS SUCCESSOR TRUSTEE TO CITIBANK, N.A. AS
TRUSTEE TO LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2006-1,

                    Plaintiff,

        vs.

RENNI CAMPO A/K/A RENNI SCHNEIDER; JPMORGAN CHASE BANK, NA,
SUCCESSOR IN INTEREST TO WASHINGTON MUTUAL BANK, FA; UNITED
STATES OF AMERICA – INTERNAL REVENUE SERVICE,

                    Defendants.

# ORDER CONFIRMING REFEREE REPORT AND JUDGMENT OF FORECLOSURE AND SALE

### RAS Boriskin, LLC
*Attorneys for Plaintiff*
900 Merchants Concourse, Suite 310
Westbury, NY 11590
Telephone: 516-280-7675
Facsimile: 516-280-7674

16-028678 - MeK

NASSAU INDEX#
FILED
MAR 06 2019
NASSAU COUNTY
COUNTY CLERK'S OFFICE

Recording Requested By:
NATIONSTAR MORTGAGE DBA MR. COOPER

When Recorded Return To:

DOCUMENT ADMINISTRATION
NATIONSTAR MORTGAGE DBA MR. COOPER
8950 CYPRESS WATERS BLVD
COPPELL, TX 75019

## CORPORATE ASSIGNMENT OF MORTGAGE

Nassau, New York
SELLER'S SERVICING # ▉▉▉▉▉ "SCHNEIDER"

Date of Assignment: December 3rd, 2018
Assignor: WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY
AS SUCCESSOR TRUSTEE TO CITIBANK, N.A. AS TRUSTEE TO LEHMAN XS TRUST MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2006- 1, BY NATIONSTAR MORTGAGE LLC AS IT'S
ATTORNEY-IN-FACT at 8950 CYPRESS WATERS BLVD, COPPELL, TX 75019
Assignee: U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE
FOR THE NRZ PASS-THROUGH TRUST VIII-B at 425 WALNUT STREET, CINCINNATI, OH 45202

Executed By: RENNI SCHNEIDER  To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS
NOMINEE FOR ALL AMERICAN HOME MORTGAGE CORP., A NEW YORK CORPORATION
Date of Mortgage: 12/13/2005 Recorded: 01/03/2006 in Book/Reel/Liber: M 29911 Page/Folio: 425 as Instrument
No.: 2006010300685 In the County of Nassau, State of New York.

-Assigned Wholly by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR ALL
AMERICAN HOME MORTGAGE CORP., A NEW YORK CORPORATION TO AURORA LOAN SERVICES LLC
Dated: 12/16/2008 Recorded: 12/30/2008 in Book/Reel/Liber: M 33402 Page/Folio: 950 as Instrument No.: 164
-Assigned Wholly by AURORA LOAN SERVICES LLC TO AURORA BANK FSB Dated: 08/30/2011 Recorded:
11/02/2011 in Book/Reel/Liber: M 36531 Page/Folio: 381 as Instrument No.: 2545
-Assigned Wholly by AURORA BANK FSB TO WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS SUCCESSOR TRUSTEE TO CITIBANK, N.A., AS TRUSTEE TO
LEHAMN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-1 Dated: 07/18/2016
Recorded: 08/12/2016 in Book/Reel/Liber: M 41430 Page/Folio: 743 as Instrument No.: 2016-78245

Loan Amount: $390,000.00

Section/Block/Lot 0056/00116-00/00554
Unit #: N/A

Property Address: 1314 BELLMORE AVENUE, BELLMORE, NY 11710

   This Assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an
assignment within the secondary mortgage market.

   KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said
Mortgage having an original principal sum of $390,000.00 with interest, secured thereby, and the full benefit of all the
powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys
unto the said Assignee, the Assignor's interest under the Mortgage.

   TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the
terms contained in said Mortgage. IN WITNESS WHEREOF, the assignor has executed these presents the day and
year first above written:

   WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS
SUCCESSOR TRUSTEE TO CITIBANK, N.A. AS TRUSTEE TO LEHMAN XS TRUST MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2006- 1, BY NATIONSTAR MORTGAGE LLC AS IT'S
ATTORNEY-IN-FACT
On December 3rd, 2018

By: _____
TSEDALE ALEMU, Vice-President

CORPORATE ASSIGNMENT OF MORTGAGE Page 2 of 2

STATE OF Texas
COUNTY OF Dallas

On the 3rd day of December in the year 2018 before me, the undersigned, personally appeared TSEDALE ALEMU, Vice-President, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individuals(s) made such appearance before the undersigned in the County of Dallas, State of Texas.

WITNESS my hand and official seal,

DANIELA HORVATH
Notary Expires: 01/27/2020  #128862890
Dallas, Texas

DANIELA HORVATH
Notary Public, State of Texas
Comm. Expires 01-27-2020
Notary ID 128862890

(This area for notarial seal)

**EXHIBIT "B"**



(http://lrv.nassaucountyny.gov)

**Search** (/)    ◀ **Land Records Viewer** ▾    **ASIE** (https://apps.nassaucountyny.gov/ASIE/)    **Tax Map Verification** (/tmv/)      Login (/login/)



Date Taken: 10/24/2018

**12**

**Address:** 1314 BELLMORE AVE.BELLMORE, 11710
**Village:** N/A
**School:** North Bellmore - 4
**Town:** Hempstead

For translation services of all documents, please contact LanguageLine Solutions at 1-800-752-6096 (tel:+1-800-752-6096) / www.languageline.com (https://www.languageline.com)

1/3

**Section:** 56
**Block:** 116
**Lot:** 554
**Condo:**
**Unit:**

| Values | General and School Taxes | Open and Paid Taxes Info | Property Description | Recent Sales | My Nassau Info | Tax Class 1 Res Prognose |

| Values Used for This Class 1 Property | 2021 - School ('20-21) and County/Town '21' | 2020 - School ('19-20) and County/Town '20' | 2019 - School ('18-19) and County/Town '19' | 2018 - School ('17-18) and County/Town '18' |
|---|---|---|---|---|
| Fair Market Values | $417,000 | $345,200 | $345,200 | $345,200 |
| Effective Market Value | $417,000 | $345,200 | $345,200 | $345,200 |
| Level of Assessment (% of Market Value) | .1% | .25% | .25% | .25% |
| Assessed Value | 417 | 863 | 863 | 863 |
| Tax Roll Status | Tentative as of 1/2/19 | Final as of 4/1/19 | Final as of 4/1/18 | Final as of 4/1/17 |
| Taxable Status Date | January 2, 2019 | January 2, 2018 | January 2, 2017 | January 2, 2016 |

The Assessed Value for Class I residential properties (excluding new construction and renovations) cannot be increased by more than 6% per year or 20% over 5 years.

Note: Fair Market Value is the value determined by the Department of Assessment, which reflects the amount of money a buyer would be willing to pay a seller for property offered for sale on an open market, over a reasonable amount of time, where both the buyer and seller are well informed and neither is under undue pressure to act.

| View Appeals Process | ARC (https://www.nassaucountyny.gov/2207/How-to-Appeal-Your-Assessment) | SCAR (http://www.nassaucountyny.gov/3763/Small-Claims-Assessment-Review) | CERTIORARI (http://www.nassaucountyny.gov/3764/Writs-of-Certiorari) |

View Value Changes To Current, Prior or Tentative Assessment Roll (/getappeals.php?id=56116++05540)

**EXHIBIT "C"**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:                                                      CASE NO.: 3:19-bk-01961-JAF
                                                                          CHAPTER 7

**Renni J Campo,**

         **Debtor,**

_____/

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

THIS CASE came on consideration without a hearing on U.S. Bank National Association, not in its individual capacity but solely as Trustee for the NRZ Pass-Through Trust VIII-B's ("Secured Creditor") Motion for Relief from Stay (Docket No. ##).  No appropriate response has been filed in accordance with Local Rule 2002-4.  Accordingly, it is:

**ORDERED:**

1. Secured Creditor's Motion for Relief from Automatic Stay is GRANTED.

2. The automatic stay imposed by 11 U.S.C. § 362 is terminated as to the Secured Creditor's interest in the following property located at 1314 Bellmore Avenue Bellmore, New York 11710 in Nassau County, New York, and legally described as:

1

ALL that certain plot, piece or parcel of land, situate, lying and being at North Bellmore, Town of Hempstead, County of Nassau, State of New York, known as and by Lot numbers 522 and 523 on a certain map entitled, "Map of Frederick Farms, comprising 606 lots and plots at Bellmore, Long Island, Town of Hempstead, Nassau County, New York, owned by Long Island Realty Co., New York, surveyed March 1911 by Smith & Malcomson, Civil Engineers, Freeport, Long Island," and filed in the Office of the County Clerk of Nassau County on May 3, 1911 as Map No. 7, Case No. 58, and more particularly bounded and described as follows:

BEGINNING at a point on the Southerly side of Bellmore Avenue (new line) distant 43.75 feet from the extreme Easterly end of a curve connecting the Southerly side of Bellmore Avenue (new line) with the Easterly side of Logue Street;

RUNNING THENCE In an Easterly direction along the Southerly side of Bellmore Avenue (new line) 50.18 feet;

RUNNING THENCE Southerly on a line forming an interior angle of 85 degrees 9 feet 30 inches with the Southerly side of Bellmore Avenue (new line) 128.44 feet;

RUNNING THENCE Westerly at right angles to the last mentioned course 50 feet;

RUNNING THENCE Northerly at right angles to the last mentioned course 124.20 feet to he Southerly side of Bellmore Avenue (new line) the point or place of BEGINNING.

3. The Order Granting Relief from Stay is entered for the sole purpose of allowing Secured Creditor to exercise any and all *in rem* remedies against the property described above. Secured Creditor shall not seek an *in personam* judgment against Debtor(s).

4. Secured Creditor is further granted relief in order to contact the Debtor(s) by telephone or written correspondence in order to discuss the possibility of a forbearance agreement, loan modification, refinance agreement or loan workout/loss mitigation agreement.

5. The Secured Creditor's request to waive the 14-day stay period pursuant to Bankruptcy Rule 4001(a)(3) is granted.

###

Attorney, <ASSIGNED CASELOAD ATTORNEY NAME>, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.